NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRANDON JAMES DROUILLARD, *Appellant.*

No. 1 CA-CR 25-0096

FILED 07-16-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-007207-001
The Honorable Joseph Shayne Kiefer, Judge

**AFFIRMED**

COUNSEL

The Susser Law Firm, PLLC, Gilbert
By Adam Susser
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Veronika Fabian and Vice Chief Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

**¶1**        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Brandon Drouillard was given the opportunity to file a supplemental brief and has not done so. Our obligation is (1) to ascertain whether counsel has "conscientiously performed" their duty to review the record for arguable issues, and (2) to conduct our own review of the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

**¶2**        On August 27, 2022, a police officer discovered that Drouillard was driving with a suspended license. After initiating a traffic stop, the officer saw "what appeared to be drug paraphernalia"—a piece of tinfoil with residue—on the floorboard of Drouillard's vehicle and decided to "complete a further search . . . for any further evidence or contraband." As he made his way over to the passenger's side, the officer noticed a folded pair of jeans on the dashboard. The jeans contained a small plastic bag containing methamphetamine.

**¶3**        Drouillard was arrested and charged with one count of possession or use of a dangerous drug under A.R.S. § 13-3407(A)(1), a class four felony. A jury convicted Drouillard as charged; he was absent from trial, and the court found his absence was voluntary. The trial court sentenced him to a 2.5-year presumptive prison sentence.

**¶4**        After a thorough review of the record, we find no arguable issues for reversal. *See Clark*, 196 Ariz. at 541, ¶ 50. Though Drouillard was not present for trial, he was present for his arraignment where the court directed him to appear for all scheduled hearings. Drouillard was also given notice that he could be tried in absentia if he failed to appear for trial. Thus, the record does not demonstrate the court erred by finding he was voluntarily absent. *See* Ariz. R. Crim. P. 9.1.

**¶5**　　　　The record further reflects Drouillard was represented by counsel at all critical stages of the proceedings against him. The evidence supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Drouillard's constitutional and statutory rights.

**¶6**　　　　We affirm Drouillard's conviction and sentence for possession or use of a dangerous drug. Defense counsel has no further obligations unless counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Drouillard may file either a *pro se* motion for reconsideration or a petition for review within 30 days from the date of this decision. If he files a timely motion for reconsideration, he has 15 days after that motion is decided to file a petition for review. *See* Ariz. R. Crim. P. 31.21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR